Lauriat, J.
In this medical malpractice action brought against several doctors and nurses as a result of the suicide of Helen Nylen at the Massachusetts General Hospital (“MGH” or “the Hospital”) on March 28, 1989, the plaintiff has issued a discovery subpoena to MGH for 26 categories of documents and records concerning this incident and its administrative aftermath. The Hospital has objected to the subpoena and moved for a protective order on the grounds that the requests are overbroad, and more importantly, violate the confidentiality afforded the requested documents under the “medical peer review privilege.” G.L.c. Ill, §§204 and 205.
For the reasons which follow, the Hospital’s motion for a protective order must be allowed in part and denied in part.
DISCUSSION
General Laws c. Ill, 204(a) provides in pertinent part that “the proceedings, reports and records of a medical peer review committee shall be confidential and shall not be subject to subpoena or discovery, or introduced into evidence in any judicial proceeding . . .” G.L.c. Ill, 204(b) provides that “documents, incident reports or records otherwise available from original sources shall not be immune from subpoena, discovery or use in any judicial proceeding . . . merely because they were presented to such committee in connection with its proceedings.”
General Laws c. Ill, §204(c) provides that “a person who testifies before such committee . . . shall not be prevented from testifying as to matters known to such person independent of the committee’s proceedings ...” G.L.c. Ill, §204(d) provides that “a court... may place reasonable restrictions on the use which may be made of the information obtained hereunder so as to maintain, so far as necessary or practicable, the confidentiality of such information.” G.L.c. Ill, §205 provides that “informátion and records... which are necessary to the work product of medical peer review committees, including incident reports required to be furnished to the board of registration in medicine shall be deemed to be proceedings, reports or records of a medical peer review committee for purposes of section two hundred and four of this chapter ... In no event, however, shall . . . incident reports or records or information which are not necessary to comply with risk management and quality assurance programs established by the board of registration in medicine be deemed to be proceedings, reports or records of a medical peer review committee under this section . . .”
The medical peer review privilege established by G.L.c. Ill, §§204 and 205, “promotes the uninhibited expression of professional opinions before a [Peer Review Committee] and protects the PRC’s work product. Section 204 does not protect . . . the 'raw materials’ relied on by a PRC if obtained from other sources.” Beth Israel Hospital Association v. Board of Registration in Medicine, 401 Mass. 172, 183 (1987). Clearly the statutory medical peer review privilege is not absolute. Rather, that privilege is analogous to the attorney work product privilege recognized by Mass.R.Civ.P. 26(b)(3), which authorizes “discovery of documents and other tangible things otherwise [relevant] and prepared in anticipation of litigation ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering such materials when the required showing has been made, the court shall *573 protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney . . .” Accordingly, the court in the present case will construe the scope of the medical peer review privilege consistent with that of the attorney work product privilege.
The Plaintiffs Document Subpoena
The court will now turn to a consideration of each of the document requests contained in Schedule A to the MGH deposition subpoena, in ruling on the Hospital’s motion for a protective order.
Request 1.: Motion DENIED, except as to any incident reports required to be furnished to the board of registration in medicine.
Request 2.: Motion ALLOWED, as overbroad and too vague, except to the extent that MGH does not object.
Request 3.: Motion ALLOWED, except as to any written statements made by any person who provided factual information to the medical peer review committee. As to those statements, ALLOWED without prejudice to a showing by plaintiff of “substantial need” and “undue hardship.” Mass.R.Civ.P. 26(b)(3).
Request 4.: Motion ALLOWED without prejudice to a showing by plaintiff of “substantial need” and “undue hardship.” Mass.R.Civ.P. 26(b)(3).
Request 5.: Motion ALLOWED without prejudice to a showing by plaintiff of “substantial need” and “undue hardship.” Mass.R.Civ.P. 26(b)(3).
Request 6.: Motion ALLOWED without prejudice to a showing by plaintiff of “substantial need” and “undue hardship.” Mass.R.Civ.P. 26(b)(3).
Request 7.: Motion ALLOWED without prejudice to a showing by plaintiff of “substantial need” and “undue hardship.” Mass.R.Civ.P. 26(b)(3).
Request 8.: Motion ALLOWED without prejudice to a showing by plaintiff of “substantial need” and “undue hardship.” Mass.R.Civ.P. 26(b)(3).
Request 9.: Motion ALLOWED without prejudice to a showing by plaintiff of “substantial need” and “undue hardship.” Mass.R.Civ.P. 26(b)(3).
Request 10.: Motion ALLOWED without prejudice to a showing by plaintiff of “substantial need” and “undue hardship.” Mass.R.Civ.P. 26(b)(3).
Request 11.: Motion ALLOWED without prejudice to a showing by plaintiff of “substantial need” and “undue hardship.” Mass.R.Civ.P. 26(b)(3).
Request 12.: Motion ALLOWED as overbroad and too vague.
Request 13.: Motion ALLOWED, except as to any written statements made by any person who provided factual information to the medical peer review committee. As to those statements, ALLOWED without prejudice to a showing by plaintiff of “substantial need” and “undue hardship.” Mass.R.Civ.P. 26(b)(3).
Request 14.: Motion ALLOWED.
Request 15.: Motion ALLOWED.
Request 16.: Motion ALLOWED.
Request 17.: Motion ALLOWED.
Request 18.: Motion ALLOWED.
Request 19.: Motion ALLOWED.
Request 20.: Motion DENIED.
Request 21.: Motion DENIED.
Request 22.: Motion ALLOWED, except as to any written statements made by any person who provided factual information to the medical peer review committee.
Request 23.: Motion DENIED.
Request 24.: Motion DENIED.
Request 25.: Motion ALLOWED, as overbroad and too vague.
Request 26.: Motion DENIED.
ORDER
For the foregoing reasons, the Motion of the Massachusetts General Hospital for a Protective Order is ALLOWED IN PART and DENIED IN PART, as set forth herein.